BARSAN, Plaintiff-Appellee, v. MICKLOS, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22381.   Decided March 17, 1952.

A. L. Kearns, Cleveland, A. R. Roman, Rocky River, for plaintiff-appellee.
B. B. Murad, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a judgment entered for the plaintiff on a promissory note in the Municipal Court of the City of Cleveland.

The note was given as a part of the purchase price of a tavern which plaintiff's father-in-law sold to the defendant. The plaintiff acted in the transaction as the sales broker on behalf of the seller. He was fully advised as to every step taken by the parties and as to the issues here presented, was not an innocent purchaser for value of the note upon which this action was founded. The only issue presented by the pleadings and evidence is that of payment.

The defendant purchased the tavern by purchase agreement dated November 8, 1949, for the sum of $16,000.00.  $750.00 was paid upon the execution of the agreement.  $5000.00 was to be

paid in cash and the plaintiff was to arrange for a mortgage on defendant's property known as 14305 Tuland Avenue for the balance. The agreement provided for the sale of "Chattels" as follows:

"Governing liquors D3 No. 62664, D2 118275, C2 63058. All equipment and fixtures located at 2218 Broadview Road. Separate Inventory attached."

The bill of sale dated April 10, 1950, in addition to setting forth the inventory of fixtures, provided in part:

"As further consideration for said purchase price there shall be included in this sale, transfer and conveyance said seller's D2, D3, C2, 1:00 P. M. State of Ohio Liquor Night Club Tavern License; that said seller will proceed immediately to revoke said license in said seller's name and completely carry out all procedure necessary to transfer all of said seller's rights, privileges, ownership, enjoyment, etc., to said purchaser's immediate ownership, possession and enjoyment of said license."

The following payments are admitted:

| | | |
|---|---|---|
| Down payment | Nov. 8, 1949 | $ 750.00 |
| Check | Nov. 10, 1949 | 3800.00 |
| Funds from loan | Feb. 7, 1950 | 6300.00 |
| Check | Aug. 10, 1950 | 2500.00 |
| Check | Aug. 17, 1950 | 1900.00 |
| | | 15,450.00 |

| | |
|---|---|
| Purchase Price | $16,000.00 |
| Admitted payments | 15,450.00 |
| Bal remaining | $ 550.00 |

It should be noted that on the check dated August 17, 1950, there is written before the endorsement:

"Balance payment re: Broadview Tavern—Joseph Micklas, as per agreement."

On June 5, 1950, B. Bill Murad, attorney for the defendant, gave a check for Five Hundred and Fifty Dollars ($550.00) to the plaintiff and his lawyer, the check being made payable to the "Department of Liquor Control" of the State of Ohio.

The evidence is clear that the plaintiff deposited this check with the Liquor Department in carrying out the obligation of the seller to transfer the licenses to the defendant purchaser, the plaintiff himself going to Columbus, Ohio, to see about the seller's "Sales Tax."

The court was in error in sustaining plaintiff's objections to the evidence about the use of the check for Five Hundred and Fifty Dollars ($550.00) by plaintiff. The tender of proof was admissible under the law of the state of that subject.

The evidence is uncontradicted and counsel for plaintiff admitted in court on this appeal, that plaintiff made no claim for the unexpired pro rata share of the license fee paid for the licenses transferred to the defendant as a part of the sale of the tavern.

With the undisputed facts, therefore, that the check by which the last payment to the plaintiff by the seller in the sum of $1900.00 had noted thereon that such payment constituted the final balance due and was therefore payment in full, and that including the check for $550.00 the defendant did pay the plaintiff and his father-in-law seller (whom he, plaintiff, represented as broker) $16,000.00, the full amount of the purchase price. From these facts there can be no doubt but that defendant maintained, by the undisputed evidence, his burden of establishing by the greater weight of the evidence, payment of the obligation upon which plaintiff's claim is founded.

For the foregoing reasons the judgment in favor of plaintiff is reversed and final judgment is rendered for the defendant appellant. Exc. Order see journal.

HURD, J, THOMPSON, J, concur.